P. W. O. LAZENBY, administratrix, plaintiff in error, *vs.* JAMES R. WILSON, defendant in error.

In cases which arise under the Scaling Ordinance of 1865, the general rule of this Court is not to disturb the verdicts of juries, unless the same are contrary to law, or manifestly against the weight of the evidence, or contrary to the principles of equity, as regulated by law.

Scaling Ordinance. Motion for new trial. Decided by Judge GIBSON. Columbia Superior Court. March Term, 1868.

P. W. O. Lazenby, as administratrix of J. B. M. Lazenby, sued Wilson upon two promissory notes, as follows :

"$786 00.

"Twelve months after date I promise to pay J. B. M. Lazenby, or bearer, seven hundred and eighty-six dollars, for value received. October 21st, 1862.                    JAS. R. WILSON."

Endorsed thus :

"Received on the within note the interest up to January 1st, 1865. P. W. O. LAZENBY," and "Received on the within note one hundred and ten dollars, price paid for a mule. February first, eighteen hundred and sixty-six."

"$170 00.

"Twelve months after date I promise to pay J. B. M. Lazenby, or bearer, one hundred and seventy dollars, for value received. December 17th, 1862.                    JAS. R. WILSON."

Endorsed thus :

"Received on the within note the interest for one year, eleven dollars and twenty cents. August 10, 1865."

The defendant sought to scale the notes. At the trial, the notes being read in evidence, plaintiff closed. The defendant shewed the relative value of gold and Confederate currency during the war, (by introducing the table of Barber & Sons, brokers,) and shewed that "no other currency was in use at the time the notes were made, or when it was due, but Confederate currency, and that contracts generally, made at said times, were for Confederate currency, and such was the custom of the country, unless otherwise specifically agreed to the contrary," and closed.

The Judge read to the jury the Ordinance of 1865, and

Lazenby *vs.* Wilson.

told them, that if these notes were renewals of old debts, they could not reduce them; that if, from the evidence, they ascertained that it was the intention of the parties that the notes should be paid in Confederate treasury notes, they might find for their value in gold, either at the respective dates of the notes, or when they were due, respectively, or at any time between the dates and maturity of the notes, respectively; that if they should not find, from the evidence, that it was the intention of the parties that said notes were to be paid in Confederate currency, they should find for the full amount of the notes, the presumption being that "dollars" in promissory notes means gold or "legal tender" currency.

The jury found for the plaintiff $520 13 and costs. The plaintiff moved for a new trial, upon the ground that the verdict was contrary to evidence, the principles of equity, etc., and contrary to the charge of the Court. The new trial was refused, and this is assigned as error.

E. H. POTTLE, (by L. STEPHENS,) for plaintiff in error.

A. R. WRIGHT, (by the Reporter,) for defendant in error.

WARNER, J.

The error assigned to the judgment of the Court below, is the refusal of the Court to grant a new trial. This is a case which comes within the provisions of the Ordinance of 1865. Upon looking into the record, the questions involved in the issue upon trial appear to have been fairly submitted to the jury by the Court, and the Court being satisfied with the verdict rendered in the case, we do not discover anything in the verdict that will authorize this Court to control the discretion of the Court below in refusing to grant a new trial. The general rule of this Court is, not to disturb the verdicts of juries in this class of cases, unless contrary to law, or manifestly against the weight of the evidence, or contrary to the principles of equity as regulated by law.

Let the judgment of the Court below be affirmed.